# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MINISTER ZAKAR ALI and DIVINE-SEVEN EL,<br><br>　　　　　Defendants. | Case No. 22-CR-169-3-JPS<br>　　and 22-CR-169-4-JPS<br><br>**ORDER** |

　　　　Defendants Minister Zakar Ali and Divine-Seven El ("Defendants") jointly move to compel discovery related to their ongoing appeals. ECF No. 332. The motion is fully briefed, ECF Nos. 332, 333, and 335, and for the reasons stated herein will be denied.

**1.　　PROCEDURAL HISTORY**

　　　　In October 2023, a federal jury convicted Defendants—each of whom had tried their case pro se after terminating their attorneys, ECF No. 333 at 1; *see* ECF Nos. 38, 55, 103—of "participating in extensive schemes to fraudulently obtain many millions of dollars of COVID-related relief funds, unemployment insurance funds, and funds related to fraudulent vehicle loans." ECF No. 333 at 1; *see* ECF Nos. 164 and 165.

　　　　The Court sentenced Defendants and entered judgment against them in February 2024. ECF Nos. 256 and 258.[1] Defendants then appealed their convictions. ECF Nos. 262, 263, 271, 304, 305, 307; *United States v.*

---

[1] The Court amended the judgments that same month to correct the restitution amounts. ECF Nos. 289 and 290.

*Minister Zakar Ali*, 24-1167 (7th Cir. Feb. 5, 2024) ("24-1167"); *United States v. Divine-Seven El*, 24-1408 (7th Cir. Mar. 15, 2024) ("24-1408"). Divine-Seven El received court-appointed appellate counsel, and Minister Zakar Ali retained his own counsel. 24-1167, ECF No. 31; 24-1408, ECF No. 21.

In January 2025, Defendants, through their appellate counsel, moved the Seventh Circuit to compel the Government to provide its pre-trial discovery. 24-1167, ECF No. 42; 24-1408, ECF No. 37. After the motions were fully briefed—24-1167, ECF Nos. 42, 46, 48; 24-1408, ECF Nos. 37, 41, 44—the Seventh Circuit summarily denied them but noted that Defendants could "seek relief in the district court." 24-1167, ECF No. 49; 24-1408, ECF No. 45. Defendants, again through their appellate counsel, subsequently—and in nearly identical briefs to those filed before the Seventh Circuit—moved the Court to compel the Government to produce its pre-trial discovery. ECF No. 332.[2]

## 2. LAW AND ANALYSIS

From the outset, Defendants are inconsistent in their descriptions of the discovery they seek to compel. Their motion refers both to "all discovery produced to [Defendants] . . . *prior to their trial*" and "discovery that was produced *at trial*." ECF No. 332 at 4, 5, 7, 10 (emphases added). The Court will presume that Defendants are seeking all discovery, including that produced prior to Defendants' trial, based on their various arguments. *See id.* at 8 ("[T]o ascertain whether any discovery violations occurred," Defendants must review what the Government "produced in discovery compared to what was presented at trial"); *id.* at 9 (again noting

---

[2] While the motion is signed by counsel for both Defendants, it appears to have been erroneously filed *only* as to Divine-Seven El. ECF No. 332.

Defendant's desire to determine if the Government committed any discovery violations); *see also* ECF No. 333 at 1–2 (Government's response brief, characterizing Defendants' motion as seeking "all discovery"). This approach is further supported by the Government's assertion that it refused to provide pre-trial discovery materials to Defendants but offered to "assist counsel [for Defendants] in locating or reviewing" trial materials. ECF No. 333 at 3.

On appeal, Defendants are entitled to evidence in the record, not pre-trial discovery that is not in the record before the trial court. Federal Rule of Appellate Procedure 10(a) provides that the record on appeal consists of three things: (1) "the original papers and exhibits filed in the district court;" (2) "the transcript of proceedings, if any;" and (3) "a certified copy of the docket entries prepared by the district clerk." As the Government points out in its brief, this differs significantly from the evidence available to a defendant before conviction. ECF No. 333 at 5 (citing Fed. R. Crim. P. 16 and collecting cases); *see also United States v. Jensen*, No. 1:07-cr-049 CW, 2023 WL 6216254, at *1 (D. Utah, Sept. 25, 2023) (denying motion for post-conviction discovery because "[o]nce a person has been convicted," the rule permitting him to request discovery "no longer applies" (citing *United States v. Rhone*, No. 09-20133-07-JWL, 2014 WL 2986520 (D. Kan. July 2, 2014) and Fed. R. Crim. P. 16(a)(1))).

Even the cases Defendants cite in their motion support this analysis. *Pope v. Kemper*, 689 F. Supp. 3d 657, 668–69 (E.D. Wis. 2023) (noting that defendants who appeal are entitled to *trial* transcripts or their equivalent); *McCoy v. Ct. of App. of Wis., Dist. 1*, 486 U.S. 429, 438 (1988) ("The appellate lawyer must master the *trial* record . . . ." (emphasis added)). Defendants also cite to caselaw that is inapplicable to their cases, because it pertains to

evidence available to trial counsel or to counsel appointed for habeas petitions, as opposed to a post-conviction direct appeal. *See United States v. Burnside*, 824 F. Supp. 1215, 1261 (N.D. Ill. 1993) (discussing appropriate use of CJA funds and the government's duty to disclose evidence to trial defense counsel for counsel's motion for a new trial); *California v. Trombetta*, 467 U.S. 479, 485 (1984) (discussing a criminal defendant's right to access evidence in the context of prosecution and trial). While Defendants assert that appellate counsel has the obligation to review pre-trial discovery, they cite no authority to support that conclusion. ECF No. 332 at 8.[3]

While Defendants make various additional arguments both in their motion and on reply,[4] notably, nothing addresses the Government's argument—ECF No. 333 at 7—that any evidence outside the record would be superfluous to Defendants' direct appeals because "arguments on direct

---

[3]The only case that remotely supports this claim is *Banks v. Reynolds*, 54 F.3d 1508 (10th Cir. 1995), which Defendants cite for the assertion that "[a]ppellate counsel must . . . be vigilant in identifying any discovery violations by the prosecution . . . ." ECF No. 332 at 8. The Tenth Circuit did find that appellate counsel was ineffective in *Banks* for failing to raise a meritorious claim under *Brady v. Maryland*, but this was because counsel "had available to him all the information necessary to raise the . . . claim[] on direct appeal" but failed to do so. *Banks*, 54 F.3d at 1515. Specifically, the Tenth Circuit knew that counsel had all the information necessary to raise the meritorious claim because it was "obvious from the trial record." *Id.* (citation omitted). Accordingly, *Banks* does not stand for the notion that appellate counsel has an obligation to review pre-trial discovery that is not in the record.

[4]Specifically, Defendants' appellate counsel argue that it is unlikely that Defendants themselves still have comprehensive pre-trial discovery in their possession because they are currently incarcerated, that the Government has an interest in re-producing the discovery, and that Defendants can cover the costs associated with the production through CJA funds. *See generally* ECF Nos. 332 and 335. Because none of these arguments overcome the fact that Defendants have not shown they are entitled to a re-production of pre-trial discovery, the Court will not address them.
Page 4 of 5
Case 2:22-cr-00169-JPS     Filed 05/05/25     Page 4 of 5     Document 336

appeal are 'necessarily limited to the trial record, since a court of appeals does not take evidence.'" *Vinyard v. United States*, 804 F.3d 1218, 1226 (7th Cir. 2015) (quoting *United States v. Taglia*, 922 F.2d 413, 417 (7th Cir. 1991)); *see id.* (finding that the defendant's ground for appeal, which required support from evidence outside the available record, was frivolous, and citing cases suggesting that it could instead have been raised in a habeas corpus petition (citing *Waley v. Johnston*, 316 U.S. 101, 104 (1942) (per curiam) and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998))).

In short, Defendants have neither provided authority to support that they are entitled to a re-production of pre-trial discovery in their cases, nor have they explained how such discovery could even be utilized in their appeal, if their motion were granted. Their motion to compel will thus be denied.

Accordingly,

**IT IS ORDERED** that Defendants Minister Zakar Ali and Divine-Seven El's joint motion to compel discovery, ECF No. 332, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 5th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge